| 76 | 791 |
| 88 | 536 |
| 76 | 791 |
| 89 | 425 |

# Staunton.

## ATKINSON, TRUSTEE v. McCORMICK, TRUSTEE, ET ALS.

### October 12, 1882.

1. WILLS— *Construction—Married women—Separate estates—Jus dispo-nendi.*—A devise in trust for the separate use of a married woman *and her issue*, with devise over upon her dying without issue, vests in her a trust estate in fee, defeasible upon her dying without issue. The words "her issue" are words of limitation. In the absence of expressed or clearly implied restrictions, she may charge it with debts.

2. APPEALS.—If a bill be erroneously dismissed as insufficient in law, a party aggrieved thereby, may, though a defendant in form, appeal from the decree of dismission.

3. IDEM.—A trustee in an assignment for the benefit of creditors, as the representative of the whole fund, may appeal if aggrieved thereby, though none of the debts secured separately amount to $500.

4. CASE AT BAR.—A testator devises estate in trust for the separate use of his daughter, a married woman, and her issue, with a devise over in the event of her dying without issue, with no restrictions upon alienation. She unites with her husband in executing two bonds, which are assigned to A in trust to secure certain creditors of the obligees. Those creditors (none of whose claims separately amount to $500), bring their bill to subject her separate estate to the payment of the bonds, and make A as trustee, a party defendant. The bill is dismissed on demurrer, as insufficient in law.

HELD:

1. She has a trust estate in fee defeasible upon her dying without issue, and may charge it with the payment of debts; and, having so charged it, the charge will be enforced in a court of equity.

2. The creditor's bill having been dismissed by the court below as being insufficient in law, A, the trustee, and representative of the entire trust fund, is aggrieved thereby, and has the right to appeal under Code, 1873, ch. 178, § 2.

Appeal of William M. Atkinson, trustee, from decree of circuit court of Frederick county, rendered June, 1882, in chancery suit wherein William H. Brown, J. E. Morrison and A. E. Brown, partners doing business in the name of William H. Brown & Bros., were plaintiffs, and Marshall McCormick, trustee, George W. Bowly and Anna M. Bowly, his wife, the said William M. Atkinson, trustee, and others were defendants.

In 1878, Charles L. Wood devised estates to Marshall McCormick, trustee, in trust for the separate use of his daughter, Anna Maria, the wife of George W. Bowly, and her issue, with a devise over to others in the event of her decease without heirs. There were no restrictions placed by the will on her power to dispose of the *corpus,* or the income of the estate. In July, 1880, her husband and she executed to F. H. and L. Bowly two bonds for $500 each, payable in eighteen and twenty-four months, respectively. These bonds were subsequently, by an instrument signed by both the obligees and the obligors, assigned to William M. Atkinson, in trust to secure the payment of certain debts due from said obligees, as committee of their father, Franklin Bowly, to William H. Brown & Bros., and others.

Later, William H. Brown & Bros. instituted their suit in chancery against George W. Bowly and wife, Marshall McCormick, trustee, William M. Atkinson, trustee, and the remaining beneficiaries of said assignment and others, seeking to subject the separate estate of Mrs. Bowly to the payment of those two bonds. The defendant, Marshall McCormick, as trustee of Mrs. Bowly, filed demurrer, plea and answer to the bill; and the circuit court dismissed the bill as insufficient in law. From that decree the defendant, William M. Atkinson, as trustee as aforesaid, obtained an appeal to this court. The remaining facts, so far as sufficient for the understanding of this case, are stated in the opinion.

*T. W. Harrison,* for the appellant.

1. Mrs. Bowly had an estate liable to the payment of her debts.

The estate was devised for the separate use of herself *and her issue,* with remainder over upon her dying without issue. "Issue" is a word of limitation. *Lyon* v. *Mitchell,* 1 Madd. 467; *Crawford* v. *Trotter,* 4 Madd. 361; *Wild's case,* 9 Coke Reports. Even a bequest made to a trustee, the rents and profits upon which were to be applied to "the maintenance and support of my daughter M *and her child,"* was held a bequest to the daughter. See *Wallace* v. *Dodd's Ex'or,* 3 Leigh, 258; *Stinson's Ex'or* v. *Day and Wife,* 1 Rob. 435; *Harrison* v. *Harrison,* 2 Gratt. 1; *Craig's Heirs* v. *Walthall and Wife,* 14 Gratt.; *Rhett* v. *Mason,* 18 Gratt.; *Penn and others* v. *Whitehead,* 17 Gratt. 505; also *Bain & Bro.* v. *Buff's Adm'r,* 76 Va. Rep. 371.

2. There was no restriction in the will on her power to dispose of it. The trustee was directed "to pay the interest over to my daughter." This fixed no time or limitation on the trustee, as to when he shall pay it over, and it would fix no restraint on her anticipating the interest. *Burnett and Wife* v. *Hawpe's Ex'or,* 25 Gratt. 481; 1 Minor's Institutes, 327. It is true that the words in regard to the real estate devised are, viz: "Permitting her to take and receive the rents and profits for her comfortable support." And from these words it is sought to infer a restraint upon anticipation. They only show the *motive* of the testator. See *Penn* v. *Whitehead,* 17 Gratt. 503.

*Dandridge & Pendleton,* for the appellees.

1. The appellant, who was a defendant below, could not appeal from a decree dismissing the bill (as here), because

it was insufficient in law. Brown & Co. alone could appeal from such a decree; and they could not, as their claim fell short of the minimum necessary to give jurisdiction. See *Hopkins* v. *Baker's Adm'r*, 2 Pat. & Heath, 110.

2. *Upon demurrer*, the bill was properly dismissed. There were no averments which gave a court of equity jurisdiction. A testator *can* make a devise to a woman and *her issue*, which *may constitute* them *joint owners of the property;* and no where could the intent to do so be plainer. *Perkins* v. *Hays*, 3 Gray, 405, also 10 Gratt. 336, 18 Gratt. 563–4; *Bain & Bro.* v. *Buff's Adm'r*, 76 Va. Rep.; *Raikes* v. *Ward*, 1 Hares Rep. 445; *Crockett* v. *Crockett, Ib.* 451. "Issue" will be construed "children," as correlative with their "parent," if that be fairly possible, looking at the will—it being an instrument drawn *inops consilii*, and intending "issue of her body." See *Sibley* v. *Perry*, 7 Ves. 531; *Horsepool.* v. *Watson*, 3 Ves. 383; *Hampoon* v. *Brandwood*, 1 Madd. 388; *Orford* v. *Churchill*, 3 V. & B. 67. Such an estate to the wife and her issue is *impartible.* See 1 Minor's Inst. 330, and cases cited; 4 Leigh, 279; 3 Gratt. 320, 337–8; *Ib.* 518, 546; 10 Gratt. 241; 11 Gratt. 552; 13 Gratt. 242; *Bank of Greensboro'* v. *Chambers*, 30 Gratt. 202. The danger of perpetuity is warded off by our statute, Code 1873, ch. 112, § 10, where issue is confined to issue living at the death of the first taker. See *Wine* v. *Markwood*, 31 Gratt. 46, 47, also *Dod* v. *Dod*, Ambler, 271; Hawkins on Wills, 69, 71, 72, 198, 199; *Wallace* v. *Dold's Ex'ors*, 3 Leigh, 264; *Stinson's Ex'or* v. *Day and Wife*, 1 Rob. 445–47; *Moon and Wife* v. *Stone, Ex'or*, 19 Gratt. 216.

3. The case was submitted below on the answer and exhibits as well as on the demurrer. The answer denied that *the profits* were sufficient for the *support* of Mrs. Bowly, thus meeting the averment of the bill to the contrary. And the exhibits show that the devise was to her *for her support*, with remainder over to other parties—thus cutting off creditors from reaching for her debts property so limited.

And it seems to come strictly within the decision in *Nickell,
&c.* v. *Handly, &c.,* 10 Gratt. 336.

The dismissal was right on the merits.   *Kincheloe* v. *Kin-
cheloe,* 11 Leigh, 393.

ANDERSON, J., delivered the opinion of the court.

Charles L. Wood by his last will, which was admitted to
probate in the circuit court of Frederick county, March
5, 1878, first directs his executor to pay all his debts, and
directs him to make sale of all his personal property, and
all his interest in the partnership business of Wood &
Smith, including all interest held by him, jointly or other-
wise, with said Smith, in any and all real estate, to raise a
fund for that purpose, and any surplus arising therefrom,
over and above the payment of his debts, he afterwards
disposes of in a subsequent clause of his will.   The will
then proceeds as follows:

"Secondly. I give and devise to J. Marshall McCormick,
of the county of Clarke and State of Virginia, my 'Red
Bud' farm, on which I now reside, containing about 500
acres, including the 'Red Bud' mill-property, and all other
improvements belonging to and connected with said farm,
situated in Frederick county, Virginia, in trust, neverthe-
less, for the sole and separate use of my daughter, wife of
George W. Bowly, and the issue of my said daughter, free
from the control, debts, liabilities, contracts and engage-
ments of her said husband, permitting her, the said Ann
Mariah Bowly, to take and receive the rents, issues and
profits arising from the said property, for her comfortable
support.   I prefer, however, that the said property should
be sold, and that my said daughter should have the inter-
est and profits accruing from the proceeds of such sale ;
and to that end I authorize and empower the said trustee
to make sale of the same and to invest the proceeds thereof

upon good real or other security; the interest upon which he shall pay over to my said daughter, and her issue, if there be any. The proceeds of such sale, if one be made, shall be held by the said trustee, upon the same trust and limitations as provided for in the front part of this clause."

Thirdly. He devises and bequeaths his "Clover Hill" farm, and also the interest and increase arising from all the rest and residue of his property, including any surplus arising from the fund provided for the payment of his debts; the interest upon which surplus, if there be any, he directs his executor to invest upon good security, the interest thereon to be paid to his wife during her life. The rents and profits of said real estate, and the interest and increase accruing from said personalty, he constitutes a fund for the comfortable support of his wife.

Fourthly. He directs, after the death of his wife, the said "Clover Hill" farm to be divided into two equal parts, one of which he devises to the said Marshall McCormick, to be held by him in trust for the sole and separate use of his said daughter, "Ann Mariah Bowly, and her issue, free from the control, debts and liabilities of her husband." The other equal part he gives to his adopted daughter Priscilla Leslie Wood, infant daughter of his deceased brother, "and her issue, if there be any such, free from the control, debts, contracts, and engagements, of any husband she may in future take."

By the sixth clause, in the event that either his said daughter Ann Maria Bowly, or his adopted daughter Priscilla Leslie Wood, should die without leaving issue, he bequeaths and devises over the property he had before bequeathed to her. Lastly, he appoints J. Marshall McCormick his executor.

Nearly two years after this will was probated, on the 1st of January, 1880, George W. Bowly purchased from his brothers F. H. and L. Bowly with the consent and agree-

ment of the heirs of their father, a stock of goods with the fixtures, &c., appertaining to the trade of a druggist, which belonged to the estate of his deceased father, Franklin Bowly, who had for many years carried on the business of a druggist extensively in the town of Winchester, at the price of $2,000, and executed his four bonds in $500 each for the same, in which his wife, Ann Bowly, united as security.

Three of these bonds were assigned to William M. Atkinson, the appellant, and C. B. Hancock in trust for the benefit of creditors of Franklin Bowly's estate, among others William H. Brown & Bro. And this suit was instituted by them against George W. Bowly and Ann Bowly, his wife, and J. Marshall McCormick, her trustee, and William Atkinson and C. B. Hancock, who held the bonds aforesaid of George and Anna Bowly, in trust for their and the other creditors' benefit, who were also made parties. The object of the suit was to have the fund in the hands of Atkinson and Hancock collected and distributed amongst them and the other creditors, and as George Bowly had no property out of which the debt could be made, to have the trust fund of Ann Bowly, which was in the hands of McCormick, her trustee, and which was liable for it, or so much of it as was necessary, applied to the payment of the two last of said bonds, the other having been satisfied.

The bill charges that the property of Mrs. Nannie Bowly, which is before set out in the bill, is justly liable to the payment of said bonds (notes), and that Mrs. Nannie Bowly intended to charge the same; that there are arrears of income now in the hands of Marshall McCormick, trustee; that there are funds belonging to Mrs. Nannie Bowly's separate estate in his hands, or invested by him for her; that George Bowly has no property with which to satisfy these notes (bonds), and that Mrs. Nannie Bowly has per-

sonal estate belonging to her separate estate, and inasmuch. as your orators are remediless save in a court of equity, they pray that the persons above named and the other creditors secured by the assignment in trust to said Atkinson and Hancock, who are named, be made parties defendant; that Marshall McCormick, trustee, disclose on oath what funds he has in hand or invested for the separate use of Mrs. Nannie Bowly; that the will of Charles L. Wood be construed, and Mrs. Nannie Bowly's interest be ascertained; that her separate estate be subjected to the payment of said notes (bonds), and the proceeds distributed among the creditors, &c., and for general relief.

McCormick, trustee, filed his demurrer and answer, and an amended answer reserving the demurrer to plaintiff's bill, which was filed on the 20th of June, 1882, and on the 23d following, the court made a decree dismissing the plaintiff's bill upon the ground that it is not sufficient in law, from which decree William M. Atkinson, trustee, appealed to this court, and the plaintiffs below and the other creditors, who were made defendants below, united in the appeal.

The first question which meets us is as to the jurisdiction of this court to entertain the appeal.

The court is of opinion that the important question, and the only material one in controversy, is as to the liability of the separate estate of Mrs. Ann Bowly, or the income arising from it, to satisfy the bonds of George W. Bowly and Nannie Bowly, his wife, which constitute the entire trust fund in the hands of the trustee, Atkinson, for the payment of the debts due the plaintiffs and the creditor defendants below. The court is of opinion that the whole trust fund is the subject of this controversy, and that the whole fund was represented in the suit below by the appellant. He was a proper and necessary party to the suit. It matters not whether he was before the court below as

plaintiff or defendant in form.  He was really plaintiff upon the matter controverted by the trustee of Mrs. Ann Bowly, which was the subject matter of controversy in the suit; and the dismissing the suit by the court below upon the ground that the bill did not contain matter sufficient in law to entitle the plaintiffs, who were in fact suing for themselves and all the trust creditors, to the relief sought, was a decision adverse to the appellant, who represented, as trustee, the whole fund in which the creditors were interested, and thinking himself aggrieved, we are of opinion that he had the right, under the statute, Code of 1873, ch. 178, § 2, and was entitled to present his petition for an appeal.

Upon the main subject of controversy, the first question is, Was it the intention of the testator to invest his daughter with a several trust estate ? or, was it his intention to invest the estate in her issue, then not in being, jointly with her?  It was certainly not his purpose to vest a present interest in a person not then in being.  If it was, he must have intended that the interest of the issue should be retained by the trustee until it was born.  But *non constat*, whether any issue ever would be born, or how many might be afterwards born?  How could the trustee determine what was the mother's proportion, and what he should retain for the issue that might afterwards be born?  When the *corpus* of the estate is vested in the trustee for the use of the wife *and her issue*, the latter words are only directions as to how the estate shall pass after the death of the mother—that it shall pass to her issue.  We are of opinion that the devise vests a trust estate in fee in Mrs. Bowly, defeasible on her dying without issue.  The words "her issue" are words of limitation.  And this is shown by the sixth clause of the will, which directs to whom it shall pass if the mother dies without issue.  The testator deemed it necessary to make further provision for the disposition

of the estate he had bequeathed to his daughter, only in case she died without issue, because he had already provided for its disposition after her death if she left issue, by bequeathing it to her and her issue.

He sometimes declares his purpose that the rents and profits and income shall be taken and received by his daughter to her sole use; and at other times directs that they shall be paid to her, and her issue, for her sole and separate use. In such instances he mentions the issue as only indicating the motive of the bequest.

In *Rhett and Wife* v. *Mason's Ex'ors et als.*, 18 Gratt. 541, this subject is fully investigated by Judge Moncure and cases reviewed. Judge Burks, in *Bain & Bro.* v. *Buff's Adm'r et als. supra*, 371, cites that case. In that case the trust was declared as follows: "To the separate use and benefit of the said Mary P. Whitehead for and during her natural life, and shall remain in her possession for the support and maintenance of the said Mariah P. and her issue and family, and for no other purpose whatever." I extract from the quotation from the opinion of Judge Moncure that those latter words do not "give to her issue and family any interest in the subject, in law or equity, during her life."

But the case from which I extract the quotation very much resembles the case in hand, and seems to be decisive of it upon this question. In that case Judge Burks said, the words, "for the sole and separate use of herself and her child, or children," do not, we think, give any estate to the child or children, but indicate the motive of the gift to the mother. The case is very similar to *Leake, Trustee* v. *Benson et als.*, 29 Gratt. 153. In that case the declaration of trust was in these words: "In trust for the benefit of my wife and children aforesaid," &c. It was held that the wife took a life estate, not jointly with the children, but for her separate use and benefit, and that she had the power to charge it with the payment of debts.

This brings us to the next inquiry, Has Mrs. Ann Bowly the power to charge the income of her separate estate with the payment of her debts? "The intention to restrict and especially to prevent anticipation of the income must plainly appear; for *prima facie* the *jus disponendi* is incident to the separate property of the wife, as to all other property." 1 Minor's Inst. p. 327, and cases cited. There is no express restriction in the case in hand. Nor do we think there is by implication. The two cases decided by this court last cited are authorities in point on this question also.

We think it was plainly error to dismiss the bill. If there were defects in the bill, they did not reach the substance, and the plaintiffs ought to have been given leave to amend. Upon the face of the bill they had a strong equity. The court is of opinion to reverse and remand the cause.

DECREE REVERSED.