## ADAMS v. CRITTENDEN.

1. Distinct decrees in favor of or against distinct parties cannot be joined to render the aggregate sum sufficient to give this court jurisdiction.
2. Except in special cases, this court has no jurisdiction to re-examine the judgment or the decree of the Circuit or the District Court, unless the matter in dispute, exclusive of costs, although it arises upon the Constitution or a statute of the United States, exceed the sum or value of $5,000.

APPEAL from the Circuit Court of the United States for the Northern District of Alabama.

The case is sufficiently stated in the opinion of the court.

*Mr. William K. McAllister* and *Mr. James L. Pugh* for the appellants.

*Mr. David P. Lewis* for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case was submitted under Rule 20, but on looking into

the record we find that we have no jurisdiction. The suit was begun in equity by an assignee in bankruptcy and a purchaser of certain lands sold under an order of the bankrupt court, to restrain the defendant Crittenden from enforcing a decree in his favor against the property for $1,828.93, and the defendant Weaver from enforcing another decree in her favor for $2,348.10. The decrees to be enjoined were entirely separate and distinct from each other, one having been rendered in a suit instituted by Crittenden, and the other in a suit by Weaver. The two suits presented substantially the same questions for adjudication, but they were in all other respects distinct. The two decrees were rendered on the same day, and draw interest from March 6, 1879. The Circuit Court, in the present suit, dismissed the bill on the 24th of October, 1881; and from a decree to that effect this appeal was taken.

The case comes clearly within the rule stated at the present term in *Ex parte Baltimore & Ohio Railroad Company, ante,* p. 5, to the effect that distinct decrees in favor of or against distinct parties cannot be joined to give this court jurisdiction; but if they could, these appellants would be in no better condition, because the aggregate of the two decrees, with interest added to the date of the dismissal of the bill, does not exceed $5,000.

Except in certain cases, of which this is not one, the mere fact that the matter in dispute arises under the Constitution or laws of the United States, or treaties made, does not give us jurisdiction for the review of the judgments or decrees of the Circuit or District Courts. If the value of the matter in dispute, exclusive of costs, does not, in such a case as this, exceed $5,000, we cannot consider it any more than others in which the amount in value is less than our jurisdictional limit.

*Appeal dismissed.*