# CHARLESTON.

### FLESHMAN'S ADM'R v. FLESHMAN.

*(HOLT, JUDGE, absent.)

Submitted September 10, 1890.—Decided December 6, 1890.

APPEAL—JURISDICTION.

Several beneficiaries under a deed of trust unite in a bill against the trustee for a settlement of his account and a distribution of the proceeds remaining in his hands, and obtain a decree against him directing him to pay to each complainant in severalty a separate amount, as ascertained by a commissioner in chancery. One item of two hundred and fifty dollars charged against him in the bill is disallowed by the commissioner, exceptions taken by the complainants, and their exception overruled, the report confirmed, and the complainants obtain an appeal to this Court.
Held:
The appeal must be dismissed as improvidently awarded, because the several interests of the appellants in the disputed item amount to less than one hundred dollars and as to them, therefore, the subject in controversy is not sufficient to give this Court jurisdiction.

*J. M. McWhorter* for appellants, cited:
Perry Trusts § 840; Sto. Eq. § 533; 1 Rob. 107; 29 W. Va. 389, 395; 24 W. Va. 199; 10 W. Va. 87; 24 W. Va. 203; 4 W. Va. 56; 32 W. Va. 212.

*W. P. Rucker* for appellees, cited:
66 Am. Dec. 165; 3 Bl. Comm. 446; 2 Rob. Pr. (old)

*Case submitted before Judge Holt's appointment.

301; 311; 43 Am. Dec. 283; 1 Gratt. 431; 4 Gratt. 270; 11 Gratt. 348; 100 Am. Dec. 578; 99 Am. Dec. 384.

LUCAS, PRESIDENT:

This was a suit in chancery instituted by James W. Johnston, sheriff of Greenbrier county, and as such administrator of John S. Fleshman, deceased, and other plaintiffs, in the Circuit Court of Greenbrier county. The bill sets out that on the 7th of March, 1879, Michael Fleshman executed a deed, which is exhibited with the bill, conveying to the defendant, B. F. Fleshman, certain valuable personal estate in trust for the benefit of certain children and grandchildren. The debts conveyed were to be collected and disbursed to the distributees in sums fixed and specified in the deed; and the debts which B. F. Fleshman, the trustee, owed to Michael Fleshman, the grantor, were to be given up and canceled in consideration of the provisions of the trust, and that he was to provide for the grantor during the remainder of his natural life. The deed which is exhibited specifies the debts to be collected, one of which was then being litigated between the grantor and one Samuel C. Luddington.

The bill alleges that the grantor had entered into a contract with one William P. Rucker, attorney, who by said contract was to receive "one half of all that he might succeed in making off the said Luddington," in lieu of all other compensation, except a retaining fee of ten dollars. The bill further recites that in a certain suit of B. F. Fleshman, trustee, against George W. Hoylman and others, there had been a settlement, by a commissioner, of the account of the trustee; but that said report had never been acted on by the court, and the papers in that cause are asked to be read as exhibits with the bill. The plaintiffs charge that of the Luddington debt, which had been recovered by a suit finally decided in the Court of Appeals, there remained a large sum still to be accounted for by the trustee; and the prayer of the bill is that B. F. Fleshman, the trustee, be required to settle his account, and pay over to the parties entitled the money in his hands as such trustee.

Subsequently this bill was amended at October rules,

1887, and the attorney before mentioned, William P. Rucker, was made a defendant; and it was charged that he had retained of the recovery in the Luddington suit more than he was entitled to under his said contract by the sum of two hundred and five dollars and seventy six cents, which, with the accrued interest, then amounted to two hundred and ninety nine dollars and forty two cents. The bill further charged that the trustee, through his said attorney, William P. Rucker, had employed additional counsel in the Luddington suit in the person of one Mr. Enochs, for which the trustee claimed a credit of two hundred and fifty dollars paid to said Enochs as attorney; but it is alleged that no receipt was produced. The bill charges that the plaintiffs had been unable to hear of such a person as John Enochs in this State, and from an examination of the record of the Luddington Case, in the Supreme Court of Appeals, it appeared that B. F. Fleshman had never been represented by any other attorney than W. P. Rucker, and that no attorney named Enochs had ever practiced in the Court of Appeals of this State. The plaintiffs, therefore, charge in this amended bill that no such attorney was employed or rendered any service; and, before said fee is allowed, they demand full proof, and they pray that the original and amended bill may be read together, and that it may be definitely ascertained how much of the fund sought to be recovered of the defendant B. F. Fleshman is in the hands of the defendant W. P. Rucker, and that it may be ascertained whether the two hundred and fifty dollars purporting to be paid Enochs was a *bona fide* transaction, and, if not, who should be held to account for the said sum and its interest.

To this amended bill the defendant Rucker demurred, and on the 20th day of November, 1887, the court sustained the demurrer, and dismissed the bill as to the demurrant, William P. Rucker.

At a subsequent day, *viz.*, on the 5th day of January, 1888, the plaintiffs filed another amended bill, in which they set out that one object of their original bill was to subject certain real estate of the trustee B. F. Fleshman to the payment of any balance of the trust-fund that might

be decreed against him. This bill further avers that on the 28th day of June, 1887, said B. F. Fleshman had executed a deed of trust conveying certain real and personal property to one William M. Cleek, trustee, to secure certain alleged debts, among them a certain large debt to his wife, Addie E. Fleshman. The plaintiffs charge that by virtue of a *lis pendens* recorded prior to said trust-deed they had gained priority over said deed. The trustee, Cleek, is made a party defendant, but it does not appear that the creditors are made defendants; and it is prayed that said trustee may be enjoined and restrained from making sale of the real estate until the further order of the court. In vacation, on the 5th of January, 1888, an order was entered by the judge restraining the trustee from making sale of the real estate of B. F. Fleshman, as advertised, until further order of the court.

There is comprehended and printed with the record of the said suit of James W. Johnston, sheriff *etc.*, against B. F. Fleshman *etc.* the record of an entirely different and independent suit, the two causes never having been consolidated or heard together, *viz*, the suit of *Bradley* v. *Fleshman and others*, which had been brought in February, 1888, against B. F. Fleshman for the purpose of subjecting his real estate to the payment of certain debts, upon which he had confessed judgment after the institution of the chancery suit above herein described. One of these judgments was in favor of Addie E. Fleshman, the wife of the said defendant, for the sum of four thousand two hundred and four dollars. In this suit, at a subsequent date, the plaintiffs in the prior suit intervened by petition, asking to be made defendants, and attacking all of the said judgments as fraudulent, especially that in favor of Addie E. Fleshman. Many depositions were taken, and when the case came on to be heard the court overruled the demurrer to the said petition, ordered the land to be sold, and sustained the validity of the said judgments, including that in favor of Addie E. Fleshman.

The decree last entered on the record of the Circuit Court was entered on the 24th of April, 1889, in an entirely different suit from that which contains the other two decrees

from which an appeal has been taken. The former suit' was instituted by John Bradley and others against B. F. Fleshman, and others, in February, 1888, for the purpose of enforing certain liens by deed of trust and judgments against the real estate of B. F. Fleshman. In this suit the beneficiaries in a certain trust, in which said B. F. Fleshman was trustee, and who had instituted an independent suit to settle the trust-account and distribute the trust-fund, attempted to intervene by petition, upon the ground that said judgments were fraudulent and were obtained by confession with a view to delay, hinder and defraud creditors, the petitioners especially. In the decree complained of the Circuit Court sustained the validity of the judgments, including the one for upwards of four thousand dollars in favor of Mrs. Addie E. Fleshman, wife of the judgment-debtor, B. F. Fleshman.

We might dispose of the matter arising on the said decree of April 24, 1889, by saying that the two causes were never consolidated in the court below, nor even heard together, and the appeal, therefore, so far as relates to the decree of April 24, 1889, should be dismissed as improvidently awarded. We may add, however, that were we at liberty to review the decision of the court below, we should regard the question of fraud as a question of fact, and, the evidence being conflicting, we should not feel inclined to interfere with the decision of the Circuit Court.

We recur now to the case of *John S. Fleshman's Adm'r and others* v. *B. F. Fleshman and others.* The first error complained of here was the decree of November term, 1887, sustaining the demurrer as to William P. Rucker to the amended bill, and dismissing the same as to him. It was charged, and afterwards so found by the commissioner, that Rucker was a debtor to the trust-fund. There can be no doubt that a *cestui que trust* may maintain a suit in equity against a trustee, who has misapplied or wasted the trust-fund, and may unite as a co-defendant in such suit any one who has become justly indebted to the trust-fund by participating in the *devastavit.* See *Cocke* v. *Minor*, 25 Gratt. 246. But in the present case, we are met at the threshold by a question of jurisdiction, which, if decided adversely

to the appellants, will render further discussion of the other points involved unnecessary, and doubtless improper.

The two amounts, which by the amended bill the appellants, plaintiffs below, claimed might be traced into the hands of W. P. Rucker, and for which he might be held responsible, only aggregate the sum of five hundred and forty nine dollars and forty two cents, and, as the distributive share of no one of the plaintiffs would equal one hundred dollars, it follows that the amount in controversy is less than the sum required to sustain the jurisdiction of this Court. I take it to be well-settled law that a trustee suing for the recovery of a trust-fund may prosecute an appeal from an adverse decision which involves a sum greater than the jurisdictional amount required by law, although, when he comes to distribute the fund, the amount coming to each distributee may be much less. *Atkinson* v. *McCormick,* 76 Va. 791; *Freeman* v. *Dawson,* 110 U. S. 264 (4 Sup. Ct. Rep. 94); *Fleshman* v. *Hoylman,* 27 W. Va. 728. But it is equally well settled that, if several distributees are proceeding each for his own distributive share against the trustee, then the jurisdiction of the appellate court is determined as to each one separately, and, if any distributee claims less than the jurisdictional amount, the appeal as to him should be dismissed as improvidently awarded.

A particularly lucid and instructive case upon this subject is the case of *Umbarger* v. *Watts,* 25 Gratt. 167. The fact, that the opinion of the court in that case contains such a satisfactory exposition of the decisions of the Supreme Court of the United States upon the point we are discussing, must be my apology for inserting the following somewhat lengthy extract in this opinion:

" The decree of the Circuit Court is not joint, but several, decreeing the several amounts due to them, respectively, according to their several judgments. If one of the creditors is aggrieved by the decree, it is to the extent that his claim is not paid, and not because other creditors are not paid, and, if his claim be less than five hundred dollars, he can not successfully invoke the jurisdiction of the court by uniting his claim to that of another creditor in order to swell the amount to five hundred dollars. These

positions are fully sustained by the authorities cited by the learned counsel for the appellees. The case of *Oliver* v. *Alexander*, 6 Pet. 143, was a suit in which several seamen united, as was permitted by act of Congress and practice in admiralty, in a libel, seeking to subject a certain fund to the payment of their several demands. The sum decreed to the libelants in no case amounted to two thousand dollars (that being the amount which gives jurisdiction to the Supreme Court of the United States) most of the claims being less than five hundred dollars. It was held that the matter in controversy was several with each libelant; and that, inasmuch as no one claim amounted to two thousand dollars, though all combined exceeded that sum, the court had no jurisdiction. Mr. Justice STORY, delivering the opinion of the court, says: 'The decree assigns to each seaman severally the amount to which he is entitled, and dismisses the libel as to those who have maintained no right to the interposition of the court in their favor. The whole proceeding, therefore, though it assumes the form of a joint suit, is, in reality, a mere joinder of distinct causes of action by distinct parties growing out of the same contract. * * * It is obvious that the claim of each seaman is distinct and several, and the decree upon each claim is distinct and several. One seaman can not appeal from the decree made in regard to the claim of another, for he has no interest in it, and can not be aggrieved by it. The controversy, so far as he is concerned, is confined solely to his own claim, and the matter of dispute, between him and the owner or other respondents, is the sum or value of his own claim without any reference to the claim of others. It is very clear, therefore, that no seaman can appeal from the district court to the circuit court unless his claim exceeds fifty dollars, nor from the Circuit Court to the Supreme Court unless his claim exceeds two thousand dollars.' And accordingly the appeal was dismissed for want of jurisdiction. The same doctrine was reaffirmed in the cases of *Stratton* v. *Jarvis*, 8 Pet. 4, and in *Rich* v. *Lambert*, 12 How. 347. The case of *Seover* v. *Bigelows*, 5 Wall. U. S. 209, is a case much in point. That was a case (as is the case before us) of a judgment-creditor filing a bill setting up his judgment and seek-

ing its enforcement against the property of the defendant, and another creditor came into the same suit to enforce a judgment against the same fund, which he had recovered against the same defendant. The case is, in this respect, strikingly analogous to the case under consideration. Mr. Justice NELSON, who delivered the opinion of the court, said: 'The judgment-creditors who have joined in this bill have separate and distinct interests, depending upon separate and distinct judgments. In no event could the sum in dispute of either party exceed the amount of their judgments, which is less than two thousand dollars. * * * . It is true the litigation involves a common fund, which exceeds the sum of two thousand dollars, but neither of the judgment-creditors has any interest in it exceeding the amount of his judgment. Hence, to sustain an appeal in this class of cases, where separate and distinct interests are in dispute, of an amount less than the statute requires, and where the joinder of parties is permitted by the mere indulgence of the court for its convenience and to save expense, would be giving a privilege to the parties not common to other litigants, and which is forbidden by law: The case (that is, the case of creditors asserting different and distinct claims in the same suit) is analogous to proceedings in admiralty in behalf of seamen for wages and salvers for salvage, where the practice of the court is well settled.' He then cites *Rich* v. *Lambert,* and other cases above cited, and declares that the appeal must be dismissed for want of jurisdiction. These authorities seem to establish the position that, where the claims of the plaintiffs are separate and independent, though joined in the same suit, and where one claimant has no interest in the claim of the other, the court will not take jurisdiction because the aggregate sums amount to over five hundred dollars, but in such a case the claim of each party appealing must amount to that sum."

Since this opinion was delivered the question has been several times discussed and readjudicated in the Supreme Court of the United States. In *Ex parte Baltimore & O. R. Co.,* 106 U. S. 5 (1 Sup. Ct. Rep. 35) the principle was reasserted, and the old authorities of that court cited and

relied upon. That case was cited and approved in *Trust Co.* v. *Waterman,* 106 U. S. 265 (1 Sup. Ct. Rep. 131); and again in *Adams* v. *Crittenden,* 106 U. S. 576 (1 Sup. Ct. Rep. 92); and still again in *Schwed* v. *Smith,* 106 U. S. 188 (1 Sup. Ct. Rep. 221). The syllabus of the latter case is as follows:

"Certain creditors who severally recovered judgment against A., amounting in the aggregate to more than five hundred dollars, but none of which exceed that sum, filed their bill against him and B. in the Circuit Court. A decree was passed subjecting to the payment of complainant's judgments goods seized by virtue of an execution sued out upon an older judgment confessed by A. in favor of B. The amount of this judgment and the value of the goods are more than five hundred dollars. A. and B. appealed. Held, that the value of the matter in dispute between them and the respective appellees is not sufficient to give this Court jurisdiction."

A similar conclusion was reached in *Cocke* v. *Minor,* 25 Gratt. 246; and in our own court, in *Morrison* v. *Goodwin,* 28 W. Va. 328, where it is said: "Where a decree is made for the payment of several debts, aggregating over one hundred dollars in amount, and for the sale of land worth more than than amount, but where the only controversy in this court is whether or not two of said debts, the aggregate of which is less than one hundred dollars, are valid liens on said land, this Court has no jurisdiction to entertain an appeal from such decree."

In that case it was not necessary to decide whether such debts could be aggregated in determining jurisdiction, since, whether considered severally or as combined, the jurisdiction would not attach. No doubt the language would have been more accurate had .it expressed clearly the principle that, unless each of said debts exceeded one hundred dollars, the jurisdiction would fail as to the one which fell short of one hundred dollars. Although the original amount in controversy may exceed the requisite sum to give jurisdiction, yet if the amount actually involved in the appeal, there being no dispute as to the residue, is less than the required sum the jurisdiction does not attach. *Neal* v. *Van Winkle,* 24 W. Va. 401.

When separate creditors unite in a suit in equity, each claiming his proportionate share of property of the common debtor in the hands of a trustee, and each recovers his separate amount, the jurisdiction of the court on appeal is to be determined by the amount in dispute in each case. *Bank* v. *Stout*, 113 U. S. 684 (5 Sup. Ct. Rep. 695).

We do not undertake to decide what would be the test of jurisdiction in the case of distributees of an estate suing an administrator, or wards uniting in a bill against the common guardian. Nor are we called upon to decide that, if the trustee in this case had denied his entire liability and had appealed from the decree below, the amount in controversy as to him would not be over one hundred dollars, and that this Court would not take jurisdiction. See *Railroad Co.* v. *Colfelt*, 27 Gratt. 777 ; *Shields* v. *Thomas*, 17 How. 3 ; *Market Co.* v. *Hoffman*, 101 U. S. 112.

But in the present case the deed of trust mentions the specific sums and exact proportions to and in which the *cestuis que trust* are to be respectively entitled, and the decree already obtained directs the trustee to pay to each separately and by name his or her specific debt. This was proper, and the same course would be pursued if the exception to the disputed item of two hundred and fifty dollars were sustained. Each beneficiary would be decreed to be paid one sixth of it, and so, in the rejection of this item, each beneficiary sustains a separate loss of forty one and two thirds dollars, and no more; and should only one of them elect to prosecute his appeal, as he well might do separately, it is clear that the amount in controversy would not give this Court jurisdiction. This being conceded, can they by cumulating their debts, any more than several judgment-creditors who have assailed an assignment or conveyance by the common debtor as fraudulent, give this Court jurisdiction? We think not and hence are of opinion, that the appeal should be dismissed as having been improvidently awarded.

I can not refrain from adding that the contract, under which the trustee and W. P. Rucker expended this two hundred and fifty dollars under pretence of procuring a "fictitious attorney" to influence the decisions of a cause

which had been already argued and submitted to this Court, by outside. work," was a most vicious one ; and should the *cestuis que trust* take proper legal steps, as they possibly might, to have a receiver appointed, and directed to pursue both B. F. Fleshman and Rucker for a breach of trust and *devastavit,* a recovery against them, could it be now had, would be eminently just and equitable. The appeal will be dismissed as improvidently awarded.

APPEAL DISMISSED.