# CHARLESTON.

Berry *v.* Cunningham.

Submitted September 12, 1892.—Decided December 10, 1892.

APPEAL—JURISDICTIONAL AMOUNT.

The lien of a judgment which does not amount to more than

one hundred dollars, exclusive of costs, is sought by suit in equity to be enforced against what is claimed to be the life estate of B. in a certain tract of land, and there is a decree for the sale of such life estate, but the controversy, so far as it concerns B., is simply pecuniary. *Held,* this Court has no jurisdiction to entertain an appeal on behalf of B. alone.

*Isaac H. Lynch* for appellant cited 1 Min. Inst. (1879) 1136; Code (1891) c. 135, s. 1, sub. 7; 18 Gratt. 378; Sto. Eq. Pl. (4th Ed.) §§ 636, 637; 12 W. Va. 371; 1 Washb. Real Prop. (5th Ed.) §§ 44–50 & n.; Code (1891) c. 66, ss. 1, 2, 3; 111 U. S. Rep. 722; 4 Am. & Eng. Ency. L. 964; Code (1887) p. 28, s. 49; Code (1891) c. 139, s. 7; 32 W. Va. 232; 1 Bish. Mar. Wom. 243; 25 W. Va. 813, 816; Win. Inst. 1136.

*Geo. F. Cunningham* for appellee cited 32 W. Va. 34; 2 Am. & Eng. Ency. L. 264; Sands Suit Eq (2d Ed.) 706; Code (1891) c. 65, ss. 15, 16; 30 W. Va. 599; 25 W. Va. 813; 4 Am. & Eng. Ency. L. 962 (n. 1); 18 W. Va. 455; 77 Va. 639; 4 Am. & Eng. Ency. L. 963; Id. 767 (n. 3).

HOLT, JUDGE:

A suit in chancery in the Circuit Court of Roane county, brought in January, 1891, by Cunningham against Berry, to sell land in satisfaction of a judgment-lien, resulting in a decree for sale. Bill of review to this decree finally dismissed on demurrer March 30, 1892; and, from this decree dismissing bill of review, this appeal is taken by A. Berry, the judgment debtor.

The facts are as follows: Appellant, Alfred Berry, by deed dated December 25, 1888, conveyed to Alice Callow the seventy two-acre tract of land here sought to be charged. The consideration was a marriage agreed upon and intended to be shortly had and solemnized by and between the said Alfred Berry and the said Alice Callow, and the further recited consideration of five hundred dollars.

The deed is called a "settlement" and, barring the want of the intervention of a trustee, is such as was so common in England as to put the law of curtesy out of practical use long before the common-law doctrine was abolished by statute. See Williams, Real Prop. (6th Am. Ed.) p. 229:

"A tenancy by the curtesy is not now of very frequent occurrence. The rights of husbands in the lands of their wives are, at the present day, generally ascertained by proper settlements made previously to the marriage." See note 1.

But defendant Alfred Berry is the only one who appeals. He disclaims all ownership of the seventy two acres of land decreed to be sold. Defendant Elijah Callow, as the heir of his daughter, is the only one interested in the controversy concerning the title to the land, and he does not appeal. Berry, the sole appellant, has no interest except as a judgment debtor to the amount of sixty six dollars and ten cents with interest from September 24, 1890, which he has nothing to do but to pay, and then there is no ground of appeal. Therefore this cause as to him involves a matter simply pecuniary, and that is not of greater value or amount than one hundred dollars; so that, as far as he is concerned, this Court has no jurisdiction. See section 4, c. 113, Code, and section 1, c. 135, Id.

Section 2, c. 135, Code 1868, was changed by sections 2, 3, p. 505, Acts 1882 (see Warth's Code 1884, p. 744;) such change being embodied in the present Code (see sections 2, 3, c. 135, p. 848, Code 1891).

Paragraphs 1 and 7 of section 1 of chapter 135 are still construed as though they read as follows: "Section 1. A party to a controversy in any Circuit Court may obtain from the Supreme Court of Appeals, or a judge thereof in vacation, an appeal or a writ of error and *supersedeas* to a judgment, decree, or order of such Circuit Court in the following cases: *First,* in civil cases, where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars, wherein there is a final judgment, decree, or order; * * * *seventh,* in any case in chancery wherein there is a decree or order dissolving, or refusing to dissolve, an injunction, or requiring money to be paid, or real estate to be sold, or the possession or title of the property to be changed, or adjudicating the principles of the cause" (whether such judgment, decree, or order be final or not.)

See the following cases: *Fleshman's Adm'r* v. *Fleshman*

34 W. Va. 342 (12 S. E. Rep. 713, (1890;) *Morrison* v. *Goodwin*, 28 W. Va. 328 (1886) and cases cited. See, also, for a discussion of the subject, the recent case of *McClaugherty* v. *Morrison*, 36 W. Va. 191 (14 S. E. Rep. 992) (1892). The question as to curtesy is an interesting one, and upon it the counsel have furnished us with able and helpful briefs; but according to our statute, as construed in many decisions, this appeal must be dismissed for want of jurisdiction. Appeal dismissed, as improvidentialy awarded.

DISMISSED.