# CHARLESTON.

## DAVIS *v.* VASS *et al.*

### Submitted January 20, 1900—Decided April 7, 1900.

1. JUDGMENT LIEN—*Equitable Interest.*

    B. sold a tract of land to V. for five hundred and fifty dollars, of which V. paid two hundred and fifty dollars, and went into possession of the land, occupying it with his family. V. paid no more on the land, and left his .family to maintain themselves, but returning home and remaining at his pleasure. B., claiming that V. had relinquished his purchase, sold the land to I., the wife of V., for three hundred and six dollars, she paying in cash seventy dollars from her

own means, and giving her notes for the residue of the purchase money. D., having a judgment against V., rendered on a debt existing at the time V. paid the two hundred and fifty dollars on the land, filed his bill to enforce his judgment against V.'s equitable interest in the land. *Held*, that such interest was liable to the judgment. (pp. 813-814).

2. LIEN—*Priority—Subrogation*.

I., having purchased the land in good faith, without knowledge of D.'s debt against V., and having paid the seventy dollars from her own means, is entitled to be substituted to the rights of B. as vendor to that amount prior to the claim of D. (p. 814).

3. LIEN—*Unpaid Purchase Money*.

The balance of the purchase money unpaid and due to B, from I. is the first lien on the said land. (p. 816).

Appeal from Circuit Court, Summers County.

Bill by George N. Davis against Isabelle Vass and others. Judgment for plaintiff, and certain defendants appeal.

*Reversed.*

A. R. HEFLIN and J. W. ARBUCKLE, for appellants.

J. W. DAVIS, for appellee.

McWHORTER, PRESIDENT:

This was a suit to enforce a judgment of George N. Davis against J. F. Vass for sixty-three dollars and ninety-eight cents and three dollars and five cents costs against a tract of land sold by J. C. Bright to said Vass for the consideration of five hundred and fifty dollars, of which two hundred and fifty dollars was paid, and Vass placed in possession of the land. Vass failed to pay any more of the purchase money, and Bright sold the land to Belle Vass, the wife of J. F. Vass, for three hundred and six dollars and fifteen cents, of which she paid seventy dollars or seventy-five dollars, and gave three notes for the residue, payable in the future. Bright claimed that the contract between himself and J. F. Vass was rescinded some sixteen or eighteen months before the sale by Bright to Mrs. Vass. Vass and his wife and family remained in possession of the property from the time it was sold to J. F. Vass up to the time this suit was instituted. Plaintiff's bill charges that at the time Vass purchased he owed the debt to plain-

tiff, which was reduced to a judgment, and execution issued thereon, and the same returned, "No property found;" that Vass owed divers other creditors, and was insolvent, and that he procured the sale to be made to his wife to hinder, delay, and defraud plaintiff and other creditors; that Belle Vass had no estate, real, personal or mixed when Vass purchased the property, or when she married Vass, and that she had acquired none up to the time she gave the notes, and she took the title bond to herself for the land to enable her said husband, J. F. Vass, to cheat his creditors, and especially the plaintiff, and to hinder and debar his creditors in the collection of their debts; that said title bond was taken by fraud, and is void as to plaintiff's debt, and that Belle Vass had never paid one cent to Bright for said land, but, so far as payments were made, they were made by the property and money of J. F. Vass. Defendant, Belle Vass, answered the bill, denying all fraud or knowledge of fraud, and that she knew any·thing of the debt of plaintiff against her husband, and that it is a lien or in any wise a charge upon the land in controversy; avers that she purchased the land from Bright on the 13th of November, 1897, for three hundred and six dollars and fifteen cents,—paid cash seventy dollars from her own means, and without the advice or consent of her said husband, and gave her notes for the residue; that as matter of fact her husband does not stay at home with her but very little of the time, and for several years she and her two sons have maintained and supported themselves, and have virtually had no aid from her husband; that she is informed that her said husband, J. F. Vass, did at one time contract for the land with Bright, but failed to comply with his contract, and that about August, 1896, he resold the same to Bright for the purchase money; that she learned the land was for sale, and upon seeing Mr. Bright, entered into the said contract of purchase; that the purchase was in entire good faith, and without any intention to defraud, and denies each and every allegation of the bill not admitted in the answer. Defendant, Bright, also answered the bill, and admits that he at one time sold the land to J. F. Vass, but, he having failed to pay for it, and being unable to do so, the contract was rescinded, and that about two

years thereafter he sold it to Mrs. Vass, who paid him cash seventy dollars, and gave her three notes for the residue of the price, which was three hundred and six dollars, the contract and notes dated November 13, 1897; that all of said notes are due and unpaid; denies all charges of fraud and collusion made in plaintiff's bill; and avers that the sale to Belle Vass was a *bona fide* transaction, and for valuable consideration, and in no way connected with J. F. Vass, and that respondent has a lien on said land for the amount still due from Belle Vass prior in time and paramount in equity to plaintiffs' claim, and asks that his interests be protected, having fully answered, etc. Depositions of witnesses were taken and filed in the cause, which was heard on the 9th of February, 1899, when it was found that the legal title to the land was in J. C. Bright, but that, J. F. Vass having purchased the land from Bright, and paid at least the sum of two hundred and fifty dollars on account of the purchase money, and the attempt to rescind that contract and make a new sale to defendant, Belle Vass, the wife of said J. F. Vass, was a fraud on the rights of plaintiff, Davis, and that the said J. F. Vass still had an equitable interest in the land to the extent of two hundred and fifty dollars, which is liable to plaintiff's debt; and it was decreed unless said J. F. Vass pay to plaintiff, Davis, seventy-eight dollars and fifty four cents with interest, within thirty days, that the said land be sold by the commissioners named in the decree for the purpose on the terms set out,—enough cash to pay costs of suit and expenses of sale, the residue in two payments at six and twelve months, with interest from date, taking purchaser's bonds with good personal security,—and the proceeds, when collected, be paid—First, to the plaintiff said sum of seventy-eight dollars and fifty-four cents, with interest from date of decree; second, to J. C. Bright, two hundred and forty-three dollars and twenty-seven cents, being the amount due from Belle Vass to said Bright on the purchase set up in her answer; and, third, to Belle Vass any residue that may remain in the hands of the commissioners arising from the sale. Defendants, Belle Vass and J. C. Bright, appealed from this decree, and claim that the court erred in holding the land to be the property of J. F. Vass, and lia-

ble for plaintiff's debt, and also in holding that J. F. Vass had an equitable interest in the said land to the extent of two hundred and fifty dollars, and that the attempt to rescind the contract between Bright and J. F. Vass and make a new sale to defendant, Belle Vass, was in fraud of the rights of plaintiff, Davis. Defendant, J. F. Vass, purchased the land for the sum of five hundred and fifty dollars, paid on account of it two hundred and fifty dollars, took possession, and remained in possession, together with his wife, Belle Vass, and their family. The proof is that he was gone from home the most of the time, almost deserting his family, yet according to the evidence, including the testimony of Belle Vass herself, he still returns and remains with his family as long and as much as he chooses. Bright says in his answer that the contract with Vass was rescinded, and that about two years after that was done he sold the land to defendant, Belle Vass. The plaintiff makes Bright his witness and he testifies that Vass forfeited the land to him (Bright) for nonpayment of purchase money, and relinquished all his claims thereto, and that all evidence of his indebtedness to witness was destroyed; that he was the *bona fide* owner of the land from sixteen to eighteen months after getting it back from Vass, when he sold it to Belle Vass for three hundred and six dollars and fifteen cents, of which she paid seventy dollars or seventy-five dollars, and gave her notes for the residue. Bright, in his answer, says, Vass had failed to pay for the land, and was unable to do so; and in his testimony, when asked if he did not know J. F. Vass to be insolvent at the time he sold the land to Belle, he said he knew nothing about his circumstances then. It is not denied, but admitted by Bright, that J. F. Vass, when he bought it. paid two hundred and fifty dollars, and it clearly appears that, in selling to Belle Vass, this large payment, amounting to within twenty-five dollars of one-half the whole price of the land to be paid by J. F. Vass, was allowed to Belle in the contract made with her for the sale of it, and Bright claims to retain the whole of the two hundred and fifty dollars as forfeited to him because of the failure of said J. F. Vass to pay for the land as per the contract. Doubtless Bright was intending to carry out his contract with Vass by mak-

ing sale to his wife, and giving her the benefit of the large payment Vass had made, which would be well enough if it could have been done without in any way interfering with the rights of creditors of Vass. J. F. Vass continued in possession of the property after Bright claims that he had sold to Belle Vass. At any rate, there is nothing to show that Belle had exclusive possession, or to show that J. F. Vass surrendered the possession to Bright. In *Cunningham* v. *Cunningham*, 46 W. Va. 1, (32 S. E. 998), it is held: "Oral waiver or abandonment of an oral contract for the purchase of land will, in equity, defeat specific performance sought by the purchaser, if possession be surrendered to the vendor; but not otherwise." J. F. Vass took possession, and went onto the land with his family, and so continues, according to the testimony of Belle Vass. The interest of J. F. Vass in the land to the extent of the two hundred and fifty dollars paid by him must be held liable to his creditors. The payment of the seventy dollars or seventy-five dollars made by Belle Vass to Bright is sufficiently and clearly shown to have been made from her own funds and resources, and she should be entitled to substitution for such payment to the rights of the vendor, Bright, as so much of the vendor's lien, and consequently prior to plaintiff's claim, the disallowance of which is assigned as error by appellants; and it is also assigned as further error that the court gave preference and priority to plaintiff's claim over that of the vendor, J. C. Bright, which is error. The prayer of plaintiff's bill gives preference, and very properly so, to the claim of J. C. Bright, and asks that he be first paid and secured; that the claim of plaintiff be paid. Appellee contends that neither of the appellants has any standing in this court, and that their appeal should not be entertained for want of jurisdiction, the matter in controversy being simply pecuniary. In *Faulconer* v. *Stinson*, 44 W. Va. 546, (29 S. E. 1011), "when a sum less than one hundred dollars is decreed as a lien against land, and a sale directed, it is not a case involving title to land, and the defendant cannot appeal." *Berry* v. *Cunningham*, 37 W. Va. 302, (16 S. E. 463). The matter in controversy involved as to appellant Bright is simply pecuniary, and involves alone the question of the priority of

the lien of the judgment of plaintiff over his vendor's lien, which judgment is less in amount than one hundred dollars, exclusive of cost. As to the appellant, Belle Vass, under the authority of *McClaugherty* v. *Morgan*, 36 W. Va. 191, (14 S. E. 992), the court has jurisdiction. As the decree must be reversed as to the appellant, Belle Vass, it will also be reversed as to the error in giving plaintiff's claim priority over the vendor's lien of J. C. Bright, and the cause will be remanded that the decree may be corrected as indicated herein.

*Reversed.*