## CHARLES TOMPKINS VS. JAMES W. BURGESS.

*and*

## IDEM VS. FLEMING C. BURGESS.

### July Term, 1867.

1. The Supreme Court of Appeals of West Virginia has jurisdiction in civil cases where the controversy is for a matter of the value or amount of one hundred dollars or upwards, exclusive of costs.

2. To entitle a party to a continuance on the ground of the absence of the witness, it must be shown that he has used due diligence to procure his attendance; that he is material; that the same fact cannot be proved by any other witness in attendance, and that the party making the application cannot safely go to trial in the absence of such witness.

3. A case in which due diligence was not used by a party asking a continuance on the ground of an absent witness.

These causes arose in *Kanawha* county, and were both brought to July Rules, 1865. The actions were of similar character, trespass, for taking and carrying away, two horses the property of the plaintiff, *Charles Tompkins*. They were on the docket for the first time at the December term, 1865, and were then continued. At the June term, 1866, they were set for trial on the fifth day, but were not then tried; and were called on the tenth day, when they were passed by the plaintiff, and by the rule of the court, they passed to the next calling of the docket, when they were again reached on the seventeenth day of the term.

The defendants moved for a continuance on the ground of the absence of a material witness. They proved that the witness lived in the county of *Kanawha* and had been regu-

---

*JUDGE HARRISON was not present at the July term of the court, in consequence of illness. Where circuit court Judges were called to the bench the fact is noted.

larly summoned to appear on the fifth day; and that he was a very material witness; that the defendants had met with a brother of the witness, who resided where the witness did, a day or so after the causes had been passed, and requested him to urge the attendance of the witness; that after the first calling of the causes the counsel for defendants had written to the witness urging him to attend; but no rule had had been asked or taken by the defendants against the witness for his failure to attend, or other means taken by them to secure his attendance, except those just mentioned.

The court refused to grant a continuance, and the defendants excepted, the bills in both causes showing the same state of facts.

The jury found a verdict in the cause of *Fleming C. Burgess* for 175 dollars with interest; and in the cause of *James W. Burgess* for 125 dollars with interest.

The causes involving the same questions for determination, were heard together.

A question arose as to the jurisdiction of this court, which will be seen in the opinion deciding the case.

*B. H. Smith* for plaintiffs in error.

*Stanton & Allison* for defendant in error.

MAXWELL J.   These cases were argued together and involve the same questions of law and fact, I shall therefore consider them together.

In one case the judgment of the court below is for 125 dollars exclusive of costs, and in the other it is for 175 dollars exclusive of costs.

It is objected that this court has no appellate jurisdiction of either of these cases, because the matter in controversy exclusive of costs is not of greater value or amount in either case than 200 dollars.

The 8th section of the 6th Art. of the Constitution of this State declares that this court " shall have appellate jurisdiction in civil cases where the matter in controversy, exclusive

of costs, is of greater value or amount than 200 dollars, &c."
" It shall have appellate jurisdiction in criminal cases where
there has been a conviction for a felony or misdemeanor in
a Circuit court, and such other appellate jurisdiction in both
civil and criminal cases as may be prescribed by law." It is
claimed that the appellate jurisdiction of this court is fixed
and limited by the language first above quoted, to cases where
the matter in controversy is greater than 200 dollars. I can-
not think so. It seems plain to me that the framers of the
Constitution intended this to be a limitation on the power
of the legislature to say that a greater amount should be nec-
essary to give jurisdiction to the court. I think that without
the sentence last quoted from the Constitution, it would be
within the power of the legislature to provide by law, that
200 dollars or a less sum than 200 dollars could give juris-
diction. With the provision I think there is no room for
doubt. In the exercise of this power the legislature by the
act " defining the jurisdiction and powers of the Supreme
Court of Appeals, and the Judges thereof," passed July 20th,
1863, has increased the appellate jurisdiction of this court,
so that it now has all the jurisdiction which could have been
exercised by the Supreme Court of Appeals, or the district
courts of Virginia, or the Judges thereof respectively,
respecting any suit or proceeding within the limits of this
State on the 19th day of June, 1863.

The Supreme Court of Appeals of Virginia, on the said
19th day of June, 1863, had appellate jurisdiction in civil
cases, only where the amount in controversy was 500 dollars
or upwards, but the district courts at that time had appellate
jurisdiction in civil cases where the amount in controversy
was 100 dollars or upwards. This court therefore now has
appellate jurisdiction in civil cases when the controversy is
for a matter of the value or amount of 100 dollars or upwards,
exclusive of costs, and consequently has jurisdiction of the
cases under consideration.

It it claimed that the court below erred in refusing to grant
the plaintiffs in error continuance for the reasons contained
in the bills of exception. The bill of exceptions in each

case is in substance the same.   It is claimed by the defendants here that the action of the court below in refusing to grant continuances is conclusive of that question, and that it cannot be reviewed in this court as an appellate tribunal.

Such is the uniform and well established rule in the Supreme Court of the United States, and I have not found that a different practice prevails in the Supreme Court of any State, except in the Supreme Court of the State of Virginia and of this State.   It seems to me that the action of a court below in the matter of a continuance is as necessary a subject of review in an appellate court as its action in any other matter.   But whatever I might think of the question as an original one, I think this court ought to follow the practice prevailing in the Supreme Court of Appeals of Virginia at the time of the formation of this State.   Of the numerous cases before the court of appeals of Virginia from time to time, in the action of the courts below in refusing continuances, that have been under review, no two of them have been alike, and each one has depended on its own peculiar facts. I conclude, however, from a careful review of all these cases that the question of a continuance is one resting in the sound discretion of the court below to be exercised to promote, not to hinder justice; that a party to entitle him to have his case continued must show the use of due diligence to procure the attendance of his witnesses, but what is due diligence depends on the peculiar circumstances of each particular case; that the witness is material; that the same facts cannot be proved by any other witness in attendance, and that he cannot safely go to trial in the absence of the witness.

In respect to the cases under review it appears that they were both on the docket for the first time at the December term, 1865, of the circuit court in which they were afterwards tried, and that at that term they were continued without appearance by the defendant below.   There were no orders made in the cases at the April term of the court following.   At the June term following, they were on the docket for the fifth day of the term, but were not reached until the tenth day of the

term, when they were passed by the plaintiff below, it does not appear for what reason, and under the rule of the court went to the foot of the docket, and were reached again on the seventeenth day of the term, when the defendants for the first time appeared and pleaded not guilty.

The cases were tried on the day last named, and judgments rendered for the plaintiff. When the cases were reached on the said seventeenth day of the term the defendants moved to continue each of the said causes because a material witness who lived in the county, and who had been summoned before the fifth day of the term, to be present on the fifth day of the term, was not present, but the court refused to contine the cases. Did the court err in this? Plainly I think it did not. The proper diligence to secure the attendance of the absent witness had not been used under the circumstances of the case. There was ample time even after the causes were passed on the tenth day of the term to have had rules served on the absent witness and had him brought into court. And further, it does not appear but that the facts expected to be proved by this absent witness could not have been proved by some other witness in attendance.

I am of opinion that the judgment of the court in each case below ought to be affirmed with damages and costs.

The President concurred.

JUDGMENT AFFIRMED.