# CHARLESTOWN.

## McCoy v. McCoy.

### *(Snyder, President, Absent.)

### Submitted September 5, 1889—Decided September 14, 1889.

1. PUBLICATION—APPEAL—PRACTICE.

   When a case is reversed by this Court and remanded to the Circuit Court, because it does not appear affirmatively that the order of publication in the cause was posted as required by law, if said order of publication was published and posted as required by law, the defect may be cured, after the case is returned to the Circuit Court, by the filing in the cause of an affidavit to that effect of the party, who posted said order.

2. APPEAL.

   To confer jurisdiction on this Court in a cause, where the interest of the party applying for the appeal is merely pecuniary, it must appear, not only that the applicant is prejudiced by the decree of the court below, but also that the amount in controversy exceeds the value of $100.00 exclusive of costs.

*A. B. Parsons* for appellants.

*Flick & Westenhaver* and *F. Woods* for appellee.

ENGLISH, JUDGE:

This cause was before this Court in the name of *McCoy's Executor* v. *McCoy's Devisees* and others in the year 1876, (9 W. Va. 443,) and at the August term of the court in that year was remanded to the Circuit Court of Pendleton county, in order that proper parties might be made thereto, in order to have a proper hearing and decision of the cause according to the rights of the several parties. After the mandate had been entered in said Circuit Court, and it was made apparent to said court, that the necessary parties had been properly convened, a decree was rendered in said cause on the 26th day of April, 1880, directing a commissioner to ascertain and report to the court—*first*, to whom the funds in said suit belonged; *second*, what the value of any interest is, owned by any of the defendants except William McCoy;

---
*Counsel below.

*third*, a settlement of the accounts of Isaac P. Boggs as receiver in said case, *etc.* On the 23d day of October, 1880, a decree was rendered in said cause confirming the report of Frank Anderson, the commissioner to whom said matter of account was referred, without exception and ascertaining, that the entire amount of money in the hands of the general receiver of the court on the 18th day of September, 1880, to the credit of said suit was $886.08, and that none of the petitioners for an appeal in this cause have any interest in said funds in the hands of said receiver except Lloyd Wilson and James Wilson, and that their shares are only worth $5.35 5-7 each.

When this cause was remanded to the Circuit Court of Pendleton county, in August, 1876, the decree of April 18, 1872, confirming the reports of commissioners, and the decree of April, 1872, designated in the printed record as the "final decree," and which purported to construe the will of William McCoy, deceased, among other things, were reversed, so that the decrees of October 23, 1880, and April 26, 1880, entered in the cause after the same was remanded, are the only decrees complained of by petitioners; one of which directs a commissioner to ascertain and report to whom the funds in the suit belonged, the value of any interest owned by any of the defendants except William McCoy, and directing also a settlement of the accounts of Isaac P. Boggs as receiver in said cause, and the other confirms the report of said commissioner, which report appears to have been so confirmed without exception.

The first error relied on by the petitioners for this appeal is the reference of the cause to a commissioner and the adjudication of the rights of the parties without requiring an amended bill to be filed, as mentioned by this Court in the decision of the case, to bring all the parties in interest before the Circuit Court. Now, while it is true, the case was remanded, in order that proper parties might be made, said order was made under a misapprehension in regard to the manner, in which the order of publication against the absent defendants had been executed, it not appearing affirmatively, that said order had been posted as required by law; but after said cause was remanded and came again into the Circuit

Court, the proof of the posting of said order was supplied by the affidavit of Charles P. Jones, the deputy-clerk, who swore, that he personally posted a copy of said order of publication on the front door of the court-house of Pendelton county, as required by law. The mandate, it is true, directed, that the cause be remanded to the Circuit Court, that proper parties might be made thereto; but the only parties mentioned in the opinion of the court as not having been properly convened were the non-resident defendants, and this defect was cured by the affidavit of C. P. Jones, the deputy-clerk, which rendered further proceedings by way of summons or publication unnecessary. The proper parties thus having been convened, I can see no error in the decree of April 26, 1880, directing a commissioner of the court to ascertain "to whom the funds in this suit belonged, and the value of any interest owned by any of the defendants;" and, the account thus directed having been reported and confirmed without exception by the defendants, the findings of the commissioner have become a part of the record, to which we must look to ascertain the amount of interest the appellants are entitled to in the cause.

In the case of *Neal* v. *Van Winkle,* 24 W. Va. 401, it was held: "To give this Court jurisdiction in a cause involving matters simply pecuniary, the record must show, not only that the party complaining has been prejudiced by the decree or judgment of the inferior court, but that the amount in controversy in this Court exceeds the value of $100.00 exclusive of costs;" and in the case of *Rymer* v. *Hawkins,* 18 W. Va. 309; it was held, that the matter of controversy in the suit, and upon which the decree was rendered, must not only be of the value of $100.00 exclusive of costs, but the controversy in relation to the matter of that value must be continued by the appeal to give the court of appeals jurisdiction. See, also, *Railroad Co.* v. *Foreman,* 24 W. Va. 662, where the same has been held.

It is true, that Benjamin McCoy, one of the appellants, has presented upon the trial of this appeal his affidavit, that the amount in controversy in this suit exclusive of interest and costs exceeds the sum of $100.00 but he states no facts, by which the correctness of the statement in his affidavit may be

tested and ascertained ; neither does it appear from the record or from said affidavit, that the interests of the appellants are of such an amount, that the controversy in relation to the matter of that value will be continued by the appeal. And it further appearing from said commissioner's report, which has been confirmed without exception, and has thus been acquiesced in by said Benjamin McCoy, that he has no interest in the subject-matter of this suit, following the numerous rulings which have been made in similar cases in this Court we must dismiss this appeal for want of jurisdiction, which is done, and the appellants must pay the costs of the appeal.

APPEAL DISMISSED.