# CHARLESTON.

Shahan's Adm'r v. Shahan's Heirs.

## Decided December 15, 1900.

1.—Sale of Decedents Land—*Incumbrances.*
   A court of equity has the authority to sell the incumbered real estate of a decedent, upon a bill filed by the administrator for the purpose of paying decedent's debts, free from the incumbrances, and satisfy such incumbrances out of the proceeds of sale.   (p. 478).

2. Building Association—*Death of Borrowing Member.*
   Ordinarily, the death of a borrowing member of a building association stops the imposition of fines for non-payment of dues, interest, and premium, and also ends membership, with liability for withdrawal fees.   (p. 478).

3. Commissioner's Report—*Attorney's Fee.*
   When the circuit court, on confirmation of a commissioner's report, fixes an attorney's fee at twenty-five dollars, this Court will not disturb such finding, unless plainly contrary to the evidence in support of such fee.   (p. 478).

4. Appeal—*Jurisdiction.*
   The amount in controversy between the litigants must exceed one hundred dollars, exclusive of costs, to give this Court jurisdiction.   (p. 479).

Appeal from Circuit Court, Taylor County.

Bill by Winifred C. Shahan's administrator against Winifred C. Shahan's heirs, etc.   Decree for plaintiff, and the Monumental Savings and Loan Association appeals.

                                        *Affirmed.*

S. M. Musgrove, for appellant.

W. R. D. Dent, for appellee.

Dent, Judge:

The Monumental Savings and Loan Association appeals from a decree of the circuit court of Taylor County in the chancery cause of Winifred Shahan's administrator against Winifred Shahan's heirs, etc.

The appellant has a trust lien on the real estate of the deced-

ent, which the court on report of a commissioner ascertained to amount to the sum of one thousand one hundred and twelve dollars, and decreed accordingly. The appellant claims that the court erred in not selling the equity of redemption subject to the appellant's lien, instead of selling the property as a whole on terms different from those contained in the deed of trust. This being a suit by the administrator under section 7, chapter 86, Code, to sell the real estate of a decedent to pay her debts, the court had the right to sell the property in such manner and on such terms as would be best for all the parties in interest. Death ended the relation existing between the appellant and the decedent. 4 Am. & En. En. Law, (2 Ed.) 1029; Thompson Building Associations, 66, 67. Under section 3, chapter 86, Code, decedent's real estate became assets for the payment of her debts. *Rex* v. *Creel,* 22 W. Va. 373. "The fact that the real estate of a deceased debtor is subject to incumbrances of any sort, such as mortgages, rights of dower, curtesy, etc., does not affect its liability to be sold under an order of court for the payment of debts, even though in case of a mortgage an action for foreclosure is pending, but the rights of the incumbrancer will always be protected, either by selling subject to the incumbrance, or by discharging it out of the proceeds of sale. 11 Am. & En. En. Law, (2 Ed.) 1092, 1135, 1159. The case of *Wise* v. *Taylor,* 44 W. Va. 492, is not applicable to a decedent's real estate. The appellant further claims that it should have been allowed eleven dollars fines accrued after the death of Mrs. Shahan. This would be wholly improper, as her death ended her membership and there being no hand to pay fines could not be imposed against her, but the appellant's account should be settled as though there was a voluntary payment and withdrawal. 4 Am. & En. En. Law (2 Ed.) 1030. It further claims that it should have been allowed one hundred dollars attorney's fee instead of twenty-five dollars. The circuit court and commissioner having fixed on this amount this Court cannot disturb it without evidence to justify such action. It seems to have been allowed merely under the provisions of the trust deed for services in defending this cause. The appellant claims because its trustee does not get to sell the property and earn the commissions for so doing, it should have an attorney's fee commensurate with such commissions. This is not a sufficient equitable ground on

which to base such allowance. The deed of trust only provides that the grantor "will promptly pay all fees, costs and expenses to or for which such association or said trustees may become subject or liable by reason of any litigation involving, growing out of or in any wise touching this transaction, and will hold the said association and said trustee harmless therefrom." It also claims an allowance of a withdrawal fee of one dollar per share, amounting to the sum of ten dollars, which would change the withdrawal value of decedent's shares from forty-five dollars to thirty-five dollars. The by-laws are not before this Court, and therefore it is impossible to say the commissioner's finding was wrong. She did not voluntarily withdraw, but death ended the relation she bore to them, and it would be unjust to charge her estate with such withdrawal fees, unless the by-laws so provided. These three sums amount to ninety-six dollars, and appear to be the whole controversy continued in this Court, and is beneath its jurisdiction.

The appellees cross assign as error the allowance of the attorney's fee of twenty-five dollars, which is subject to the same answer as is given to appellant. Also that the premium charged should not be allowed in addition to the interest, as it is payable in monthly instalments of five dollars per month, and is therefore nothing but usurious interest. The by-laws not being before us we are unable to say that the premium was not a fixed sum payable in monthly instalments. Endlich, Building Asso. 391.

The sum of twenty-two dollars and twelve cents taxes allowed the sheriff for 1892, is beneath the jurisdiction of this Court, and it has no power though it be an erroneous allowance to correct it.

*Fleshman's Admr.* v. *Fleshman,* 34 W. Va. 342, 350.

No reversable error affirmatively appearing the decree is affirmed.

*Affirmed.*