# CHARLESTON

CARSKADON *v.* BOARD OF EDUCATION *et al.*

Submitted September 8, 1906. Decided March 5, 1907.

1.   APPEAL—*Jurisdiction—Amount in Controversy.*

     This Court is without jurisdiction to entertain an appeal from a decree of a circuit court perpetually enjoining a Board of Education from letting a public school house for an alleged illegal purpose, where the amount in controversy does not exceed one hundred dollars, exclusive of costs. (p. 469.)

2.   SAME.

     An appeal does not lie from an order, overruling a motion to dissolve and perpetuating an injunction, where purely pecuniary interests are involved, unless the amount in controversy, exclusive of costs, exceeds one hundred dollars. (p. 471.)

(POFFENBARGER, JUDGE, absent.)

Appeal from Circuit Court, Mineral County.

Bill by James T. Carskadon against the Board of Education of the School District of Keyser and others. Decree for plaintiff, and defendants appeal.

*Dismissed.*

WM. MACDONALD, for appellants.

FRANK C. REYNOLDS and TAYLOR MORRISON, for appellee.

SANDERS, PRESIDENT:

On or about the 12th day of September, 1905, A. W. Coffroth, George P. Warner and Wm. MacDonald, composing the Board of Education of the School District of Keyser, entered into an agreement with W. L. Radcliffe, by which, in consideration of ten dollars per night to be paid to the Board, Radcliffe was to have the use of the Keyser High School auditorium for six lectures or concerts to be given during the winter of 1905 and 1906. The first of these entertainments was to be given by a company known as the "Bromell-Reed Concert Company," on October 25, 1906. On this date, however, after notice to the defendants, James T. Carskadon, suing on behalf of himself and all other taxpayers of the School District of Keyser, presented to the circuit court of Mineral county his bill of complaint against the Board of Education and the members thereof, praying for an injunction restraining the Board from permitting Radcliffe to hold the entertainment which had been advertised, or any of those to be held, on the ground that they formed no part of the scheme of teaching in the public schools of the state, and formed no part in the education of the pupils and children attending said school; nor would said entertainments instruct or help to educate said children and pupils, but on the contrary would prove a distraction and detriment to them; that the exhibitions were not to be given for the entertainment or education of pupils attending said school, nor were they religious or literary or Sunday school meetings, nor meetings such as are beneficial to the public generally, but were purely and solely theatrical performances, which the public generally were invited to attend, upon paying the prices of admission.

The defendants demurred to the bill, and filed an answer, claiming that they were acting within their legal rights in

making the contract in question.   The court granted the injunction as prayed for, and later entered a decree overruling the demurrer and perpetuating the injunction.   From this decree the defendants have appealed.

The appellee insists that this appeal should be dismissed, because the amount in controversy is not sufficient to give this Court jurisdiction.   If appellate jurisdiction is predicated upon the statute authorizing appeals in matters merely pecuniary, then the amount in controversy is not sufficient to give jurisdiction.   The execution of the contract between the Board and Radcliffe is enjoined, the effect of which is to deprive the Board of the amount agreed to be paid for the use of the building.   This contract provides for the letting of the room for six certain nights, at a specifically named sum, ten dollars per night, for a particularly named purpose and to a designated person.   Therefore, the question is, has the Board the right to carry out this contract, that is, has it the lawful right to let this room for the time and purpose specified in the contract, the performance of which involves to the Board the sum of sixty dollars?   It is not the perpetual use of the property that is enjoined, but the injunction is one for the purpose of preventing the carrying out of the original contract, which, if done, could under no circumstances yield to the Board a sum sufficient to give this Court jurisdiction.   The right of the Board to contract and to manage the property generally, or to use it for any other purpose at any other time, is not involved, but the litigation being confined to the carrying out of the single contract made by the Board with Radcliffe, which involves a sum less than one hundred dollars, this Court is clearly without jurisdiction to entertain the appeal.   To give jurisdiction, where purely pecuniary matters are involved, a sum exceeding one hundred dollars, exclusive of costs, must be involved.   This is the plain language of the Constitution and statute, which has been repeatedly referred to and held by this Court. *Tompkins* v. *Burgess*, 2 W. Va. 187; *McCoy* v. *McCoy*, 33 W. Va. 60, (10 S. E. 19); *Berry* v. *Cunningham*, 37 W. Va. 302, (16 S. E. 463); *Shahan's Admr.* v. *Shahan's Heirs*, 48 W. Va. 477, (57 S. E. 552), 86 Am. St. Rep. 68; *Minor* v. *Goodall*, 3 Call. 393.   But if purely pecuniary matters are not involved, and the appeal is sought to be maintained upon

another and different ground, we will search in vain for a constitutional or statutory provision which extends the remedy. The jurisdiction of this Court is circumscribed and limited by the Constitution and statute. *State* v. *Shumate*, 48 W. Va. 359; *Miller* v. *Navigation Co.*, 32 W. Va. 46. We cannot, by construction, enlarge the Constitution or statute so as to extend the remedy by appeal, if its provisions do not call for such construction, but we must, giving them a liberal constuction, construe and apply them as they exist, and if the right of appeal in a particular case is not given, then the judgment of the circuit court is final and conclusive. Judgments and decrees of courts can only be reviewed when authorized by law. Where the Constitution does not expressly give the right of an appeal, the legislature has the right to extend or deny this remedy to the litigant. A case once tried is concluded, except where provision is made for its review. Speaking only of civil cases, under section 3, article 8 of the Constitution of this state, this Court is given appellate jurisdiction in such cases where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars, and in a certain other specifically enumerated class of cases not merely pecuniary. It will be observed that by this provision the right of appeal in such cases as are therein provided for is secured, which cannot be taken away or restricted by legislative enactment. But by the concluding part of that section, which says: "And such other appellate jurisdiction * * * as may be prescribed by law," the legislature is given an unlimited range in creating additional appellate jurisdiction. The Constitution defines and secures to litigants the right of review in certain cases, which the legislature cannot abrogate or abridge, but beyond this, legislative authority to extend or deny such relief is unlimited. The right of appeal clearly does not exist in this character of cases, under said constitutional provision, unless it can be brought under and within the provision authorizing appeals in cases involving pecuniary interests. This is so patent that it must certainly be conceded by all. It surely cannot be otherwise plausibly contended. This being so, we must look to the statute to see if the remedy has been extended. In doing so we find said constitutional provision brought for-

wárd and reproduced in section 4 of chapter 113 of the Code, without any change whatsoever, and which is simply declaratory of the Constitution.

Section 1 of chapter 135 of the Code, providing that appeals may be obtained in certain cases, does not extend the right of an appeal further than it is given by section 4 of chapter 113 of the Code. The purpose of said section 1 is to fix the time for the taking of appeals or writs of error, and to authorize appeals or writs of error from certain interlocutory orders, judgments or decrees, and not to extend such remedy to other cases not provided for. The *seventh* clause of séction 1 of chapter 135, which provides for an appeal "in any case in chancery wherein there is a decree or order dissolving or refusing to dissolve an injunction, or requiring money to be paid, or real estate to be sold, or the possession or title of property to be changed, or adjudicating the principles of the cause," must be read and considered with the *first* clause of that section, which provides for appeals "in civil cases, where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars, wherein there is a final judgment or decree or order." By this *first* clause it will be observed that no appeal will lie unless the amount in controversy, exclusive of costs, is greater in value or amount than one hundred dollars, and not then unless there has been a final judgment, decree or order. This applies to all cases involving purely pecuniary interests. But by clause *seven* of that section in chancery cases appeals may be taken from certain orders or decrees therein referred to, although they may not be final, but by this it certainly is not intended to extend the right of appeal to any chancery cause, regardless of the amount in controversy, nor was it intended to make a difference between actions at law and suits in chancery. To construe the *seventh* clause as authorizing appeals from orders dissolving or refusing to dissolve injunctions, regardless of the amount in controversy, would be to provide for an appeal in a chancery suit where the amount in controversy is less than one hundred dollars, while in an action at law such remedy would not be given. Also, such construction would give an appeal in any chancery cause, not taking into consideration the amount in controversy, because the language used, "requiring money to be

paid or real estate to be sold, or the possession or title of property to be changed, or adjudicating the principles of the cause," is broad enough to include any and all cases. Not only is this so, but when we look to the *eighth* clause of the same section, we find that it provides for an appeal from a judgment or order quashing or abating or refusing to quash or abate an attachment," and the *ninth* clause provides for review "in any civil case where there is an order granting a new trial or re-hearing, and in such cases an appeal may be taken from the order without waiting for the new trial or re-hearing to be had." The *eighth* clause certainly cannot be construed to give the right to an appeal or writ of error from a judgment or decree quashing or abating or refusing to quash or abate an attachment, where the matters involved are pecuniary, unless the amount in controversy, exclusive of costs, exceeds one hundred dollars. And by the *ninth* clause, if in any civil action, regardless of the amount in controversy, there can be an appeal or writ of error from an order granting a new trial or re-hearing, then we have by the *first* clause the appeal limited to such cases as where the amount in controversy, exclusive of costs, exceeds one hundred dollars, whereas, if the court should grant a new trial, an appeal might be taken, although the sum was less than one hundred dollars. Therefore, as we have observed, upon a proper construction of this statute, it certainly was not intended by the legislature to create additional appellate jurisdiction, but the statute was for the purpose of regulating the time at which and prescribing the orders, judgments or decrees from which, such appeals or writs of error might be taken.

Counsel for the appellee rely upon *Shoemaker* v. *Bowman*, 98 Va. 688, to prove that an appeal will not lie from an order perpetuating an injunction, where the matters involved are pecuniary, and do not exceed one hundred dollars. Upon an examination of this case, in connection with the Constitution of Virginia, section 88, Article 6, and the Code of Virginia, sections 3454 and 3455, it will be found that it cannot be applied here. The Virginia Constitution differs from our Constitution in this, that by the former it is provided that no appeal shall be allowed in matters pecuniary, where the amount in controversy does not exceed a certain sum, while

under our Constitution it is provided that in civil cases, where the amount in controversy does exceed a certain sum, an appeal will lie, and it is also provided that this Court shall have such other appellate jurisdiction as may be prescribed by law. Therefore, under the Virginia Constitution, the legislature of that state has no right to extend the remedy by appeal, in such cases, but under our Constitution the legislature has no right to restrict the appeal, but would have the power to extend the remedy. Then by an examination of sections 3454 and 3455 of the Code of Virginia, they will be found to differ substantially from our statute. While by the former section an appeal is allowed from an order dissolving or overruling a motion to dissolve an injunction, yet by the latter section it is expressly provided that no petition shall be presented for an appeal from a decree where the amount in controversy is less than a certain amount.

We are without jurisdiction to entertain the appeal and it is therefore dismissed as improvidently awarded.

*Dismissed.*