## CHARLESTON

### McClaugherty v. Rumburg *et al.*

Submitted March 14, 1911.    Decided October 15, 1912.

1. APPEAL AND ERROR—*Dismissal—Want of Jurisdiction.*
   The appellate court of its own motion will dismiss an appeal when the fact is clear that it has no jurisdiction. (p. 98).

2. COURTS—*Jurisdiction—Jurisdictional Amount.*
   When the record plainly discloses that the pecuniary interest of the party adversely affected by a decree is not greater than one hundred dollars, he can not appeal, though the suit is not directly for money but merely for protection of a lien by injunction and otherwise. (p. 98).

Appeal from Circuit Court, Mercer County.

Bill by D. W. McClaugherty against W. H. Rumburg and others. Decree for defendants, and plaintiff appeals.

*Dismissed.*

*C R. McNult,* for appellant.

*Sanders & Crockett,* and *Hale & Pendleton,* for appellees.

ROBINSON, JUDGE:

This appeal pertains to a suit in chancery by which the plaintiff sought to enjoin the recording of a release of vendor's lien and to annul that release, on the ground that it wrongly deprived him of security for money. A preliminary injunction was awarded, but, at a hearing of the case fully made, the court dissolved the injunction and dismissed the bill. Plaintiff thereupon appealed.

Though not a party to a certain deed conveying land, plaintiff was one of the beneficiaries of the lien retained therein for purchase money. He claims that the lien was released to the purchase money debtors by the grantors—the other beneficiaries—without his assent and to his detriment. When the suit was instituted for a vindication of his rights, the money due him under the lien amounted to six hundred dollars. But the suit was pending in the circuit court nearly ten years before final hearing and determination. During this time the debt represented by the lien sought to be protected was largely paid off

and discharged to plaintiff, so that only some thirty or forty dollars remained unpaid to him when the decree complained of was entered. Liability for this remnant of the debt was denied and contested by defendants because of a loss of a small portion of the land conveyed them. That only this small portion of the debt remained unpaid when the suit was decided below plainly appears from the record. There is no conflict about it. Then is not plaintiff's pecuniary interest in the suit less than the jurisdictional amount necessary for the maintenance of an appeal?

The point that we have no jurisdiction to entertain the appeal is not pressed. No motion to dismiss has been made. But this Court of its own motion will dismiss an appeal when the fact is clear that it has no jurisdiction. A recent work, citing much authority, says: "The appellate court may, of its own motion dismiss an appeal, and where it is apparent that the court is without jurisdiction to entertain the appeal it will order its dismissal." 2 Standard Proc. 388.

When the appeal was taken, the litigation involved a vindication of plaintiff's rights in a sum much less than the amount necessary to invoke the jurisdiction of this Court. It is true that only the protection of a lien was involved. But that lien represented money. The case sounded in pecuniary interest to plaintiff. It was based on a threatened loss to him of money. What were his rights in the case worth to him when he sought to bring the case here? The answer to that question must test his claim to maintain the appeal. The decree, though not in a direct suit for money, must injure plaintiff in a sum greater than one hundred dollars, otherwise he can not appeal. *Carskadon* v. *Board of Education,* 61 W. Va. 468. Plainly, if the decree is wrong, he has lost less than that sum. The decree in any event has only deprived him of thirty or forty dollars by failing to protect a lien in his favor. This Court under the Constitution and laws can not entertain litigation for so small a sum. "The matter in controversy in the lower court must not only equal the jurisdictional amount, but the controversy in relation to matters of that value must be continued by the appeal." 1 Enc. Digest Va. & W. Va. 489.

We are obliged to dismiss the appeal as improvidently awarded.

*Dismissed.*